IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 14-623-4 |
| | : | |
| RAFFAEL ROBINSON | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2015, upon consideration of Defendant's Motion For Severance Pursuant to Fed. R. Crim. P. 14(a), it is hereby **ORDERED** that Defendant's motion is **GRANTED** and Defendant Raffael Robinson is granted relief from prejudicial joinder for trial with co-defendants. Defendant Raffael Robinson shall proceed to trial individually.

BY THE COURT:

---
**HONORABLE C. DARNELL JONES, II**
U.S. District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 14-623-4 |
| | : | |
| RAFFAEL ROBINSON | : | |

**DEFENDANT RAFFAEL ROBINSON'S MOTION FOR SEVERANCE
PURSUANT TO FED. R. CRIM. P. 14(a)**

Defendant, Raffael Robinson, by and through his counsel, Angela Halim, Esquire, hereby respectfully moves for severance and requests the Court enter an Order that Mr. Robinson shall proceed to trial separately from his co-defendants. In support thereof, Mr. Robinson avers as follows:

1. On or about June 18, 2015, Mr. Robinson was charged by way of a Second Superseding Indictment in the above-captioned matter. The three-count Second Superseding Indictment charges Mr. Robinson in Count One only and alleges violations of 18 U.S.C. §§ 1591 and 1594(a).

2. By contrast, Mr. Robinson's co-defendants, Kevino Graham (1), Brian Wright (2), and Renato Teixeira (3) were originally charged in a two-count Indictment on or about November 20, 2014. Each defendant is named in Counts one and two. Subsequently, on or about January 22, 2015 the same three defendants (but not Mr. Robinson) were charged by way of a three-count Superseding Indictment. Again, each defendant is charged in Counts one, two, and three.

3. Mr. Robinson was only charged after the Grand Jury returned a Second Superseding Indictment approximately eight months after return of the initial Indictment. Mr. Robinson, unlike each of his co-defendants, is referenced only in Count one and

2

there is literally one single specific reference to Mr. Robinson's alleged conduct: "[a]s part of the venture, defendant Brian Wright collected money at the "Passionate Touch" strip club run by defendant Kevino Graham, and defendants Brian Wright and Raffael Robinson served as security guards for the strip club." See Second Superseding Indictment, ¶5.

4. The remainder of the government's allegations are directed at Mr. Robinson's co-defendants. Similarly, the documents, materials, and evidence produced in discovery largely relate to and/or involve his co-defendants, not Mr. Robinson.

5. If no severance is granted, Mr. Robinson will be required to sit through a trial where the jury hears witness after witness testify to conduct that did not involve Mr. Robinson and does not implicate Mr. Robinson in any way. As such, he will suffer significant prejudice from the spillover effect of evidence and testimony that would not be admissible against him if he were tried separately.

6. Ordinarily, a limiting instruction to the jury may cure the prejudicial spillover effect; however, in this case, given the sensitive subject matter and salacious nature of the allegations, a limiting instruction is inadequate to protect Mr. Robinson's right to a fair trial before an impartial jury.

7. Fed. R. Crim. P. 14(a) vests the Court with the authority to sever a defendant's trial if joinder of co-defendants "appears to prejudice a defendant."

8. Rule 14 leaves the determination of prejudice to the sound discretion of the district court. Zafiro v. U.S., 506 U.S. 534, 541 (1993). When defendants have been joined properly under Rule 8(b), a district court must grant a severance under Rule 14

"only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . " Id. at 539.

9. The specific trial right compromised in this instance is Mr. Robinson's Sixth Amendment right to a fair trial before an impartial jury. If severance is not granted, Mr. Robinson will be compelled to sit through a trial where the majority of the testimony and evidence in the government's case-in-chief does not involve or implicate Mr. Robinson. As a result, he will suffer the spillover effect of incriminating evidence offered against his co-defendants.

10. No limiting or curative instruction will prevent the prejudice and spillover effect Mr. Robinson will suffer if his trial is joined with that of his co-defendants.

11. The interests of justice and Mr. Robinson's right to a trial before a fair and impartial jury require that he be granted a trial separate from that of his co-defendants.

12. Any adverse impact on judicial economy that may be caused by the granting of the severance is greatly outweighed by the prejudice to Mr. Robinson if the Court allows a joint trial to proceed.

WHEREFORE, for the foregoing reasons and for the reasons that follow in the accompanying Memorandum of Law, Mr. Robinson respectfully requests the Court grant his Motion and enter an Order that he be tried separately from his co-defendants.

4

                Respectfully submitted,

                _____/s/ Angela Halim_____
                Angela Halim
                Counsel for Raffael Robinson
                Law Offices of Angie Halim, LLC
                1500 Walnut Street
                21st Floor
                Philadelphia, PA 19102
                215.731.0606
                215.751.0658 (facsimile)
                angie@halimlawfirm.com

Date: October 2, 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 14-623-4 |
| | : | |
| RAFFAEL ROBINSON | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SEVERANCE PURSUANT TO FED. R. CRIM. P. 14(a)**

There can be no question that Mr. Robinson falls into the admittedly small class of defendants for whom a joint trial poses such a significant risk of unfair prejudice that the risk outweighs the benefit of conducting a joint trial.

I.    **LEGAL ARGUMENT**

Mr. Robinson acknowledges the strong preference and general rule that defendants who were properly joined in an Indictment pursuant to Fed. R. Crim. P. 8 should be tried together.  See U.S. v. Eufrasio, 935 F.2d 553 (3d Cir. 1991).  The Supreme Court elaborated in Zafiro v. U.S., 506 U.S. 534 (1993), that this preference exists to promote judicial economy and to avoid the potential for inconsistent verdicts.  That being said, a district court should grant a severance where there is a "serious risk that a joint trial will compromise a specific trial right of one of the defendants to prevent the jury from making a reliable judgment about guilt or innocence."  Id. at 539.  Mr. Robinson further acknowledges that he bears the heavy burden of demonstrating clear and substantial prejudice that would result in an unfair trial.  See U.S. v. Sebetich, 776 F.2d 412 (3d Cir. 1985).

The specific trial right impinged by a joint trial in this instance is Mr. Robinson's Sixth Amendment right to a fair trial by an impartial jury.  When the jury hears the overwhelming and inflammatory evidence offered against his co-defendants, Graham, Wright and Teixera, the jury cannot possibly be expected to set the salacious nature of that evidence aside when separately deliberating as to whether Mr. Robinson is guilty of the accusations levied against him.

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  In balancing the risk of endangering a defendant's right to fair trial against judicial economy, the Court may consider the unfairly prejudicial effect of spill-over evidence that would prevent the jury from making a reliable judgment about guilt or innocence.  See e.g. U.S. v. Palma-Ruedas, 121 F.3d 841, 854-55 (3d Cir. 1997) and U.S. v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989).

A defendant who is prosecuted along with joined co-defendants can be prejudiced by "spill-over" evidence:  that is, evidence that would be inadmissible against them in a separate trial.  One district court aptly described the risk of prejudice as "a 'gross disparity' in the evidence present[ing] a danger that some defendants will suffer 'spillover prejudice' due to the accumulation of evidence against other defendants.  When that occurs, a defendant may suffer transference of guilt merely due to his association with a more culpable defendant." U.S. v. Stoecker, 920 f.Supp. 876, 886 (N.D. Ill. 1996). The Zafiro Supreme Court acknowledged this potential reality in stating that "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and

7

that would not be admissible if a defendant were tried alone is admitted against a co-defendant." Id. at 539.  Elaborating further, the Court noted that "evidence of a co-defendant's wrongdoing" might wrongly "lead a jury to conclude that a defendant was guilty." Id.

Closely related to the spillover effect is the danger that a jury may be incapable of compartmentalizing facts applicable only to certain co-defendants in a joined case.  Thus, a defendant is entitled to severance if evidence against a co-defendant cannot be compartmentalized and the jury is likely to consider such evidence to the prejudice of a defendant against whom it is not properly directed.  See U.S. v. Inigo, 925 F.2d 641, 655-6 (3d Cir. 1991).

Finally, consideration of a motion for severance must balance the public's interest in the judicial economy of a joint trial against the possible prejudice which may result from the joinder.  See e.g., U.S. v. Console, 13 F.3d 641 (3d Cir. 1993).  Because Mr. Robinson is charged in only one count of the Indictment and because the allegations of his purported involvement is so minute in comparison to that of his co-defendants, it is entirely possible that Mr. Robinson's trial, if conducted separately, will take a matter of days – certainly less than one week.  Respectfully, Mr. Robinson submits that the danger of two lengthy trials that unnecessarily takes up the Court's time and resources does not exist in this case.

## II.    FACTUAL ANALYSIS

The discovery provided, to date, paints a picture of a young woman over the age of eighteen who had been involved in prostitution and exotic dancing prior to meeting Kevino Graham.  After meeting Graham, it appears that, together, they began and

maintained a prostitution venture, exotic dancing club and online escort service. The discovery is also replete with references to co-defendants Brian Wright and Renato Teixera in connection with the operation of a strip club, escort service, and prostitution scheme.  Mr. Robinson is all but absent in the documents and materials produced by the government to date.

Mr. Robinson is charged in Count one with participating in a venture that recruited, enticed or harbored "Person 1" to engage in commercial sex acts by means of force, fraud, or threats.  Person 1 is believed to go by the "stage name" Tiffany Starr. Counts two and three of the Indictment allege the same criminal violations but as to Persons 2 and 3.  Again, Mr. Robinson is not charged with anything related to a victim other than Person 1.

Discovery produced to date contains descriptions and references that, if true, would establish that Starr was in a destructive and extremely abusive relationship with Graham while maintaining her position as recruiter and prostitute for the venture.  It appears that Starr acted as a prostitute prior to meeting Graham and then continued acting as a prostitute with him.  She also appears to have graduated to recruiting other young women to work as prostitutes for the venture.

The government produced Facebook message records between "Tiffany Starr" and "Oceann Antigua."  It is believed that Oceann Antigua is Kevino Graham.  The following is just one example of the type of content that would likely be admissible at a joint trial but not admissible against Mr. Robinson if he is tried separately:

Oceann AntiguaMonday, August 26, 2013 at 3':45pm EDT
    yo youngin we love each other people have problem thats life and u changed and i change but we got more changing to do

Tiffany StarrMonday, August 26, 2013 at 3:48pm EDT

9

        im going to movies with my b friend bye

Tiffany StarrMonday, August 26, 2013 at 3:49pm EDT
        ur an asshole I hate u

Oceann AntiguaMonday, August 26, 2013 at 3:49pm EDT
        lol that sound so stupid

Tiffany StarrMonday, August 26, 2013 at 3:51 pm EDT
        **for making me fuck them people raw n I aint want to n u acted like I did n for raping me with that dildo n liquor n u thought I was playing when I said the next time im gone so I am u will never c me ·**

Tiffany StarrMonday, August 26, 2013 at 3:52pm EDT
        y is it taking so long

Tiffany StarrMonday, August 26, 2013 at 3:53pm EDT .
        **no rep.ly YYYY when you did this KEV**

Oceann AntiguaMonday, August 26, 2013 at 3:54pm EDT
        wow u acted like u didn't care yo u acted like i wasn't doing shit for u to stop i get made at u only to b·better i never put u in no shit u call about anything i come that love yo

Tiffany StarrMonday, August 26, 2013 at 3:57pm EDT
        **how u love me n wanted my insides messed up n burning from the liquor you pored on me while u fucked my ass with dildo I could never love you again your a fucking monster/DEVIL that's you not me mister OCEANN**

Oceann AntiguaMonday, August 26, 2013 at 3:57pm  EDT
        yo on my kids and as god as my witness ima make shit right yo starr real.shit i was thinking u was· gone say no we to fuckin close u never showed i always say that if i.I had · said no it would have bin the 1# time come home yo·

Tiffany StarrMonday, August26, 2013 at4:00pm EDT
        u ignoring what I said n you said that before this it yo be with YOUR BIG NOSE BABY MOM N THE STINKY PUSSY BITCHES THATS LAID UP IN THE HOUSE

Oceann AntiguaMonday, August 26, 2013 at 4:02pm EDT
        **ur crazy for trying to lie to ur self u ask to sleep wit me and fuck raw and i said no playing to much and i was disappointed that u did the shit devil its a million dumb thing i could had did yo if i was devil and y do anything if i hate u and never wanted to b wit u again y would i even care think yo ·**

Excerpts of redacted Facebook messages, bates numbers 2931-33 (emphasis added).

       The content is notable for two reasons:  1) Starr does not reference anyone other than "Oceann" and "Kev" when describing horrific abuse, and 2) this is content that would not be admissible if Mr. Robinson were tried separately.  This is but one example. Mr. Robinson anticipates that once the government is required to produce <u>Jencks</u>

material, there will be countless references to sexually abusive behavior by others, but not him.

Additionally, the venture advertised prostitution and other sexually-based services on the internet. The ads and descriptions of conduct advertised online are offensive, graphic, and unfairly prejudicial to Mr. Robinson because he has no connection to the advertisements or online booking system individuals used to "purchase" the prostitution services. This is another entire category of evidence that would be inadmissible if Mr. Robinson were tried alone.

### III. CONCLUSION

Although Mr. Robinson bears a very heavy burden and although it is the strong preference to conduct joint trials, this particular case is rife with the danger that he will not get a fair trial before an impartial jury. Given the nature of the alleged offenses and the overwhelming evidence that will likely be presented against his co-defendants but not him, Mr. Robinson respectfully requests the Court grant his motion and enter an Order that he is to be tried separately from his co-defendants.

Respectfully submitted,

/s/ Angela Halim
Angela Halim
Counsel for Raffael Robinson
Law Offices of Angie Halim, LLC
1500 Walnut Street
21st Floor
Philadelphia, PA 19102
215.731.0606
215.751.0658 (facsimile)
angie@halimlawfirm.com

Date: October 2, 2015

**CERTIFICATE OF SERVICE**

I certify that, on the date provided below, I caused a true and correct copy of Raffael Robinson's Motion for Severance to be filed electronically via the ECF system.

The following can view and download the same electronically via the ECF system.

>Michelle Morgan, Esquire
>Assistant United States Attorneys
>United States Attorney's Office
>Eastern District of Pennsylvania
>615 Chestnut Street
>Suite 1250
>Philadelphia, PA 19106

>／s/ Angela Halim
>Angela Halim, Esquire
>Counsel for Raffael Robinson

Dated: October 2, 2015