# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-623 |
| KEVINO GRAHAM<br>BRIAN WRIGHT<br>RAFFAEL ROBINSON | : | |

## ORDER

AND NOW, this _____ day of _____, 2015, having considered the government's motion *in limine* to exclude juvenile adjudications of Person #3, and the defendant's response thereto, IT IS HEREBY ORDERED that the government's motion is GRANTED.

By the Court:

_____
**HONORABLE C. DARNELL JONES II**
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-623 |
| KEVINO GRAHAM<br>BRIAN WRIGHT<br>RAFFAEL ROBINSON | : | |

GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
JUVENILE ADJUDICATIONS OF PERSON #3

The United States of America, by and through Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan, Assistant U.S. Attorney for the District, hereby moves *in limine* to exclude the juvenile adjudications of Person #3. Because the convictions at issue are juvenile adjudications, do not involve an act of dishonesty or false statement, and would be more prejudicial than probative, the government's motion should be granted.

I.  **BACKGROUND**

Defendants Graham and Wright are charged with three counts, and defendant Robinson is charged with one count, of sex trafficking by force in violation of 18 U.S.C. § 1591. These charges stem from defendants' operation of a prostitution business in Philadelphia, Pennsylvania, and elsewhere, between May 2009 and August 2013.

The person referenced as Person #3 in the indictment has the following prior convictions:

| | | |
|---|---|---|
| 2008 | simple assault (M) | adjudicated delinquent |
| 2011 | theft by unlawful taking (M) | convicted; 1 yr, 11mos jail |
| 2012 | simple assault (M) | adjudicated delinquent |
| 2012 | burglary (F) | convicted, 10 yrs probation |

Person 3 is expected to testify that the defendant used force and coercion to cause her to engage in commercial sex acts.

## II.     ARGUMENT

Rule 609 of the Federal Rules of Evidence provides that:

> (a) The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) For a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (A) Must be admitted, subject to Rule 403, in a . . . criminal case in which the witness is not a defendant;
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving - - or the witness admitting - - a dishonest act or false statement.
>
> . . .
>
> (d) Evidence of juvenile adjudications is admissible under this rule only if: (1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence.

Fed. R. Evid. 609 (emphasis added). See also United States v. Hines, 398 F.3d 713, 716 (6th Cir. 2005), cert. denied sub nom Edwards v. United States, 545 U.S. 1134 (2005) (affirming district court's limitation on cross-examination as to witness' juvenile conviction for burglary under Rule 609). The proponent of the evidence sought to be admitted under Rule 609 bears the burden of establishing its admissibility. Fletcher v. New York, 54 F.Supp. 2d 328, 331 (S.D.N.Y. 1999).

Person 3's juvenile record falls squarely within Rule 609(d) and does not meet the exception therein. The offenses, both simple assault, are not ones in which establishing the elements of the crimes requires proof or admission of an act of dishonesty or false statement by the witness. Further, both appear to be misdemeanors. In addition, even if they were punishable by more than one year, the fourth requirement of Rule 609(d) is not met, in that admission is not necessary for a fair determination of the issue of the defendant's guilt or innocence in this sex trafficking operation. Moreover, Rule 609 still is subject to Rule 403, and this evidence about Person #3, a victim in this case, is clearly more susceptible to the danger of unfair prejudice and misleading the jury than it is probative of anything relevant to this case. Accordingly, the defense should be precluded from making any reference to Person #3's juvenile record.

In sum, the only convictions admissible against Person #3 should be her 2011 theft conviction (graded as a misdemeanor but punished by over a year in jail) and her 2012 felony conviction for burglary.

### III. CONCLUSION

For the reasons set forth above, the government respectfully requests that its motion *in limine* to exclude juvenile adjudications of Person #3.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


_/s/ Michelle L. Morgan_
MICHELLE MORGAN
Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the government's motion *in limine* to exclude juvenile adjudications of Person #3, and for leave to file out of time to be served by electronic mail or U.S. Mail, to the following counsel of record:

Michael Engle, Esquire
123 South Broad Street, Suite 2500
Philadelphia, PA   19109
*Counsel for Kevino Graham*

Martin I. Isenberg
Two Penn Center Plaza
Suite 1040
Philadelphia, PA   19102
*Counsel for Brian Wright*

Angie Halim, Esq.
Law Offices of Angie Halim, LLC
1500 Walnut Street, 21st Floor
Philadelphia, PA   19102
*Counsel for Raffael Robinson*

                                   */s/ Michelle L. Morgan*
                                   MICHELLE L. MORGAN
                                   Assistant United States Attorney

Date: October 2, 2015