# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | CRIMINAL NO. 14-623 |
| : | |
| KEVINO GRAHAM : | |

## ORDER

**AND NOW,** to wit this ____ day of _____, 2015, it is hereby ORDERED that the Government's Motion *In Limine* is DENIED and the Defendant shall be permitted to introduce Person #3's 2008 Simple Assault adjudication, 2012 Simple Assault adjudication, as well as her 2011 Theft by Unlawful Taking conviction and 2012 Burglary conviction under Rule 609(a)(1) of the Federal Rules of Evidence.

BY THE COURT:

_____
HONORABLE C. DARNELL JONES II, J.
United States District Court Judge

GREENBLATT, PIERCE, ENGLE, FUNT & FLORES, LLC
BY: MICHAEL J. ENGLE, ESQUIRE
ID NO. 85576
123 SOUTH BROAD STREET, SUITE 2500
PHILADELPHIA, PA 19109
(215) 985-4275

                                                                                    **ATTORNEY FOR DEFENDANT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| vs. | : | CRIMINAL NO. 14-623 |
| | : | |
| KEVINO GRAHAM | : | |

## Memorandum of Law in Opposition of the Government's Motion *In Limine* to Exclude Juvenile Adjudications of Person #3

### Procedural History and Pertinent Facts

On June 18, 2015, the Government filed a three count Second Superseding Indictment against Mr. Kevino Graham, which charged him with violations of 18 U.S.C. § 1591 (sex trafficking by force); § 1594(a) (attempt); and § 2 (aiding and abetting). (DE #85). The charges in the Second Superseding Indictment arise from Kevino Graham's alleged participation in a venture engaged in sex trafficking by force. (DE #85). The Indictment alleges that Mr. Graham knew or recklessly disregarded the fact that force, threats of force, fraud, coercion, and any combination of such means were used to cause Person 1 to engage in a commercial sex act between on or about May 1, 2009, through on or about August 23, 2013; to cause Person 2 to engage in a commercial sex act between on or about September 1, 2011 through on or about January 31, 2012; and to cause Person 3 to engage in a commercial sex act between on or about January 1, 2010 through on or about May 31, 2010. (DE #85).

On September 11, 2015, in an effort to learn the identities of Persons 1, 2, and 3, for the purpose of conducting a pretrial investigation, Defense Counsel asked the assigned AUSA for the identities of the three individuals, and explained that "[a]fter reviewing the discovery provided pursuant to Rule 16 in conjunction with the Second Superseding Indictment, [the attorneys for Mr. Graham] are unable to identify the individuals who are referenced as Person 1, Person 2, and Person 3." (Exhibit A- Email). The assigned AUSA denied the requested "due to serious safety concerns for the witnesses." (Exhibit A- Email). The assigned AUSA further explained that "the defendant knows that Person 1 is common to the defendant's recently-dismissed state case and he received discovery in that case and knows who that person is." (Exhibit A- Email).

On October 1, 2015, Defense Counsel filed a Motion to Compel Discovery of Early *Jencks* Materials, a Motion to Compel Disclosure of the Identities of Persons 1, 2, and 3 in the Second Superseding Indictment, and a Motion for a Bill of Particulars. Defense Counsel has not received any *Jencks* or *Brady* material, and is unaware of the alleged victims' specific allegations against Mr. Graham. Furthermore, although Mr. Graham is aware of the identity of the complainant in the related state case, he is not aware of the identities of Persons 2 and 3.

On October 2, 2015, the Government filed a Motion *in Limine* to exclude juvenile adjudications of Person #3, whose identity is not known to Defense Counsel. (DE #124). In its Motion *in Limine*, the Government asserts that Person #3 has four prior criminal convictions: Simple Assault (M) from 2008; Theft by Unlawful Taking (M) from 2011, Simple Assault (M) from 2012, and Burglary (F) from 2012. (DE #124). The Government is arguing that the 2008 Simple Assault adjudication and the 2012 Simple Assault adjudication, both allegedly juvenile adjudications, are inadmissible under Rule 609(d) of the Federal Rules of Evidence. The

Government argues that the adjudications do not fit within the exception under Rule 609(d) because the adjudications are misdemeanors, the admission of the adjudications are "not necessary to the fair determination of the issue of the defendant's guilt or innocence", and unfair prejudice outweighs the probative value of the adjudications under Rule 403.

## Argument

Criminal defendants have a right under the Sixth Amendment to the Constitution "to be confronted with the witnesses against him." Davis v. Alaska, 415 U.S. 308, 316 (1974). "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Id. One way to discredit a witness is to introduce evidence of the witness' prior criminal conviction, which is an inference "that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony." Id.

Under Rule 609 of the Federal Rules of Evidence, evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). Furthermore, a juvenile adjudication is admissible if: "(1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d). In the instant matter, it is undisputed that Person #3's juvenile adjudications are being offered in a criminal case, and Person #3 is a witness other than the defendant.

In the Motion *in Limine*, the Government indicates that both simple assault adjudications are misdemeanors. (DE #124). However, the Government has not indicated in which jurisdiction the charges were adjudicated. (DE #124). Therefore, Defense Counsel is without sufficient information to argue whether or not an adult conviction for simple assault in the same jurisdiction would be admissible under Rule 609(a) of the Federal Rules of Evidence. Assuming, *arguendo*, that the simple assault charges were adjudicated in Pennsylvania, the convictions would be admissible in a criminal trial to attack an adult's credibility. In Pennsylvania, simple assault is a misdemeanor of the second degree, and is therefore punishable by imprisonment for up to two years. See Pa. C. S. §§ 2701(b); 106(b)(7). Therefore, a simple assault conviction in Pennsylvania is considered a felony under Rule 609(a)(1)(A) because simple assault is punishable by imprisonment for more than one year, as required by Rule 609(a)(1)(A). See Fed. R. Evid. 609(a)(1)(A).

Admission of a felony conviction under Rule 609(a)(1)(A) is subject to the balancing test under Rule 403. See Fed. R. Evid. 609(a)(1)(A). Under the Rule 403 balancing test, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The court "is given broad discretion in weighing the probative value of evidence against its potential prejudicial effect." United States v. Guerrero, 803 F.2d 783 (3d Cir. 1986) (citing United States v. Higgins, 458 F.2d 461 (3d Cir. 1972)). The probative value of a prior conviction depends on many factors. For example, recent convictions tend to be more probative than older convictions. See, e.g., United States v. Jackson, 696 F.2d 578, 589 (8th Cir. 1982). Additionally, the impeachment value of a prior conviction depends on the nature of the witness' testimony. See,

e.g., United States v. Williams, 939 F.2d 721, 724-25 (9th Cir. 1991). A witness' prior conviction has a high probative value if the witness' credibility is critical. Id. When the jury has "to choose between accepting the testimony of either a government witness or that of the defendant", credibility is key and the admission of a prior conviction is proper. See United States v. Young, 702 F.2d 133, 136-37 (8th Cir. 1983) (holding a nine year old larceny conviction was properly admitted). Furthermore, "[t]he probability that prior convictions of an ordinary government witness will be unduly prejudicial is low in most criminal cases." Fed. R. Evid. 403 (Advisory Committee Notes, 1990 Amendments).

In the instant matter, many uncertainties involving the identity of Person #3 and her alleged juvenile adjudications weigh in favor of admissibility. Because Mr. Graham does not know the identity of Person #3, and has not received *Jencks* or *Brady* material, the significance of Person #3's simple assault adjudications is not yet clear. Additionally, the timing of the 2012 adjudication, read together with the allegations of Second Superseding Indictment, raises questions about whether the 2012 adjudication is a *juvenile* adjudication, and the timing similarly raises questions about Person #3's age in 2010 and the nature of the charges against Mr. Graham. The Second Superseding Indictment does not charge Mr. Graham with sex trafficking of children under 18 U.S.C. § 1591 in Count Three. (DE #85). Rather, Count Three charges Mr. Graham with sex trafficking by force as it relates to Person #3's commercial sex acts from January 1, 2010 to May 31, 2010. (DE #85). Yet, the Government is asserting that Person #3 has a juvenile adjudication from 2012. (DE #124). Therefore, Defense Counsel is uncertain whether Person #3's 2012 adjudication is juvenile, rather than an adult adjudication. Alternatively, if Person #3 was under the age of eighteen in 2012, Defense Counsel has not been notified that charges against Mr. Graham relate to sex trafficking of a minor.

Notwithstanding the uncertainties involved with Person #3's simple assault adjudications, the probative value of Person #3's simple assault adjudications is not substantially outweighed by unfair prejudice because Person #3's credibility is crucial and she "is expected to testify that the defendant used force and coercion to cause her to engage in commercial sex acts." (DE # 124). Whether or not Mr. Graham knew or acted in reckless disregard of the fact that force was used to cause Person #3 to engage in a commercial sex act is an essential element under Section 1951. See 18 U.S.C. § 1591. Therefore, cross-examining Person #3 about her simple assault adjudications is important in order to attack Person #3's credibility. Additionally, the simple assault adjudication from 2008 occurred during the time frame[1] in which Mr. Graham allegedly used force, or knew about force used, to cause Person #3 to engage in a commercial sex act. (DE #85). Therefore, this adjudication may have substantial probative value. Furthermore, the simple assault adjudication from 2012 is similarly probative because the adjudication is fairly recent.

Any unfair prejudice that may exist if Person #3's simple assault adjudications are introduced does not substantially outweigh the probative value of the adjudications in the instant matter. Therefore, the third requirement under Rule 609(d) is satisfied because an adult's conviction for simple assault in Pennsylvania would be admissible to attack the adult's credibility, and the balancing test under Rule 403 weighs in favor of the admission of the adjudications. Similarly, the introduction of the simple assault adjudications is necessary to fairly determine Mr. Graham's guilt or innocence, as required by FRE 609(d)(4) because of the high probative value of the adjudications, as discussed above.

---

[1] The Second Superseding Indictment alleges that force was used to cause Person 3 to engage in a commercial sex act between on or about January 1, 2010 through on or about May 31, 2010. (DE #85).

Assuming, *arguendo*, that both of Person #3's simple assault adjudications are juvenile adjudications in Pennsylvania, the adjudications should be admitted under Rule 609(d) because the adjudications will be offered in a criminal case against a witness other than the defendant, an adult's simple assault conviction in Pennsylvania would be admissible to attack the adult's credibility, and admitting evidence of the simple assault adjudications is "necessary to fairly determine guilt or innocence", as required by Rule 609(d). Fed. R. Evid. 609(d).

## Conclusion

The Defendant respectfully requests that this Honorable Court grant his Motion *In Limine* for all of the reasons set forth in this motion and the attached memorandum of law. The Defendant also respectfully requests a hearing on this matter.

RESPECTFULLY SUBMITTED:

SIGNATURE CODE: MJE5849
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

I, MICHAEL J. ENGLE, ESQUIRE, HEREBY CERTIFY THAT I HAVE FORWARDED BY ELECTRONIC FILING, A TRUE AND CORRECT COPY OF THE FOREGOING MOTION *IN LIMINE* TO THE FOLLOWING PERSONS:

| | |
|---|---|
| HONORABLE C. DARNELL JONES II, J.<br>CHAMBERS<br>U.S. COURTHOUSE<br>601 MARKET STREET<br>PHILADELPHIA, PA 19106 | MICHELLE MORGAN, AUSA<br>615 CHESTNUT STREET<br>SUITE 1250<br>PHILADELPHIA, PA 19106 |

SIGNATURE CODE: MJE5849
MICHAEL J. ENGLE, ESQUIRE
ATTORNEY FOR DEFENDANT

DATED: OCTOBER 9, 2015

# EXHIBIT A

**Ashley Shapiro**

| | |
|---|---|
| From: | Morgan, Michelle (USAPAE) 3 <Michelle.Morgan2@usdoj.gov> |
| Sent: | Friday, September 11, 2015 2:52 PM |
| To: | Ashley Shapiro |
| Cc: | Michael Engle |
| Subject: | RE: US v. Graham |

Ashley,

The government will turn over unredacted Jencks material one week before trial. The government will not agree to identify Persons 1, 2 and 3 at this time due to serious safety concerns for the witnesses. Further, the defendant knows that Person 1 is common to the defendant's recently-dismissed state case and he received discovery in that case and knows who that person is.

I note that the defendant has asked to have Mike removed as counsel. I have requested a hearing date for that issue.

Thanks,
Michelle

---

**From:** Ashley Shapiro [mailto:a.shapiro@gpeff.com]
**Sent:** Friday, September 11, 2015 1:47 PM
**To:** Morgan, Michelle (USAPAE) 3
**Cc:** Michael Engle
**Subject:** US v. Graham

Michelle,

After reviewing the discovery provided pursuant to Rule 16 in conjunction with the Second Superseding Indictment, we are unable to identify the individuals who are referenced as Person 1, Person 2, and Person 3. For purposes of discovery review and conducting necessary investigation, it would be helpful if the Government provided the specific identity of the victims.

Additionally, what is the Government's position to voluntarily turning over unredacted Jencks material early?

Thanks and have a great weekend.

Ashley

**Ashley E. Shapiro, Esq.**



**GREENBLATT · PIERCE · ENGLE · FUNT · FLORES**

**GREENBLATT, PIERCE, ENGLE, FUNT + FLORES, LLC**
123 S. Broad Street, Suite 2500
Philadelphia, PA 19109
t. 215.735.1600
f. 215.735.1660

e. a.shapiro@gpeff.com
w. www.gpeff.com

New Jersey Office Location:
GREENBLATT, PIERCE, ENGLE, FUNT + FLORES, LLC
35 Kings Highway East
Haddonfield, NJ 08033
t. 856.429.7750
f. 856.427.0360

This e-mail message, including any attachment(s), is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and/or confidential. If you are not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient, please notify us immediately by replying to this message and then delete this message from your system.